## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DICKIE FOSTER, Individually and For Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NES MIDSTREAM, LLC d/b/a NAVIGATOR ENERGY SERVICES, INC.,<br>　　　　　　Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COMPLAINT

### SUMMARY

1.　　Plaintiff Dickie Foster ("Foster") brings this lawsuit to recover unpaid overtime wages and other damages from NES Midstream, LLC d/b/a Navigator Energy Services, Inc. ("Navigator") under the Fair Labor Standards Act ("FLSA").

2.　　Foster worked for Navigator as an Inspector.

3.　　Foster and the Day Rate Inspectors (as defined below) regularly worked for Navigator in excess of forty (40) hours each week.

4.　　But Navigator did not pay them overtime.

5.　　Instead of paying overtime as required by the FLSA, Navigator improperly paid Foster and the Day Rate Inspectors a daily rate with no overtime compensation.

6.　　This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

7.　　This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this action occurred in this District.

9. Navigator is headquartered in Dallas, Texas.

## THE PARTIES

10. Foster worked for Navigator from approximately August 2019 until November 2019 as a Pipeline Inspector.

11. Throughout his employment, Navigator paid Foster a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

12. Foster's consent to be a party plaintiff is attached as Exhibit A.

13. Foster brings this action on behalf of himself and all other similarly situated workers who were paid by Navigator's day-rate system. Navigator paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

14. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former inspectors who worked for or on behalf of Navigator Energy Services, Inc. and who were paid according to its day rate pay plan in the past three (3) years (the "Day Rate Inspectors").**

15. The identities of the Day Rate Inspectors can be readily ascertained from Navigator's records.

16. Navigator Energy Services, Inc. is a Texas corporation and may be served with process by serving its registered agent: Corporation Service Company d/b/a CSC – Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, TX 78701.

## COVERAGE UNDER THE FLSA

17. At all times hereinafter mentioned, Navigator was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Navigator was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all relevant times, Navigator has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

20. At all relevant times, Navigator has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

21. In each of the past 3 years, Navigator's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

22. At all relevant times, Foster and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

23. Navigator uniformly applied its policy of paying its Inspectors, including Foster, a day rate with no overtime compensation.

24. Navigator applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

25. By paying its Inspectors a day rate with no overtime compensation, Navigator violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

26. As a result of this policy, Navigator and the Day Rate Inspectors do not receive overtime as required by the FLSA.

27. Navigator's uniform compensation scheme of paying its Inspectors a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

28. Navigator is a midstream oil and gas company that provides services to assist with the gathering, transmission, treating, processing, compression, and storage of natural gas and crude oil.

29. To complete its business objectives, it hires personnel (like Foster) to perform inspection work.

30. Many of these individuals worked for Navigator on a day rate basis (without overtime pay).

31. These workers make up the proposed collective of Day Rate Inspectors.

32. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

33. Throughout his employment with Navigator, Navigator paid him on a day rate basis.

34. Foster and the Day Rate Inspectors work for Navigator under its day rate pay scheme.

35. Foster and the Day Rate Inspectors do not receive a salary.

36. If Foster and the Day Rate Inspectors did not work, they did not get paid.

37. Foster and the Day Rate Inspectors receive a day rate.

38. Foster and the Day Rate Inspectors do not receive overtime pay.

39. This is despite the fact Foster and the Day Rate Inspectors often worker 10 or more hours a day, for 7 days a week, for weeks at a time.

40. For example, Foster received a day rate for each day he worked for Navigator.

41. Although he typically worked 7 days a week, for 10 or more hours a day, he did not receive any overtime pay.

42. Foster and the Day Rate Inspectors received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

43. Foster and the Day Rate Inspectors are not employed on a salary basis.

44. Foster and the Day Rate Inspectors do not, and never have, received guaranteed weekly compensation from Navigator irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

45. Foster and the Day Rate Inspectors work in accordance with the schedule set by Navigator and/or its clients.

46. Foster's work schedule is typical of the Day Rate Inspectors.

47. Navigator controls Foster and the Day Rate Inspectors' pay.

48. Likewise, Navigator and/or its clients control Foster and the Day Rate Inspectors' work.

49. Navigator requires Foster and the Day Rate Inspectors to follow Navigator and/or its clients' policies and procedures.

50. Foster and the Day Rate Inspectors' work must adhere to the quality standards put in place by Navigator and/or its clients.

51. Foster and the Day Rate Inspectors are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

52. As an Inspector, Foster was responsible for ensuring Navigator's and/or its clients' projects were completed according to established guidelines, specifications, and restrictions.

53. All Navigator's Day Rate Inspectors perform similar duties, inspecting projects, ensuring work is done according to established guidelines, specifications, and restrictions.

54. Foster and the Day Rate Inspectors provide inspection reports to Navigator (and/or its clients') personnel.

55. At all relevant times, Navigator and/or its clients maintained control over Foster and the Day Rate Inspectors via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

56. Foster and the Day Rate Inspectors do not have the power to hire or fire any employees.

57. Foster's working relationship with Navigator is similar Navigator's relationship with its other Day Rate Inspectors.

58. Navigator knew Foster and the Day Rate Inspectors worked more than 40 hours in a week.

59. Navigator knew, or showed reckless disregard for, whether the Day Rate Inspectors were entitled to overtime under the FLSA.

60. Nonetheless, Navigator failed to pay Foster and the Day Rate Inspectors overtime.

61. Navigator willfully violated the FLSA.

## CAUSES OF ACTION
## FLSA VIOLATIONS

62. By failing to pay Foster and those similarly situated to him overtime at one-and-one-half times their regular rates, Navigator violated the FLSA's overtime provisions.

63. Navigator owes Foster and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

64. Because Navigator knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Navigator owes these wages for at least the past three years.

65. Navigator is liable to Foster and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

66. Foster and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COLLECTIVE ACTION ALLEGATIONS

67. Foster incorporates all previous paragraphs and alleges that the illegal pay practices Navigator imposed on Foster were likewise imposed on the Putative Class Members.

68. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

69. Numerous other individuals who worked with Foster indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

70. Based on his experiences and tenure with Navigator, Foster is aware that Navigator's illegal practices were imposed on the Day Rate Inspectors.

71. The Day Rate Inspectors were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

72. Navigator's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Inspectors.

73. Foster's experiences are therefore typical of the experiences of the Day Rate Inspectors.

74. The specific job titles or precise job locations of the Day Rate Inspectors do not prevent class or collective treatment.

75. Foster has no interests contrary to, or in conflict with, the Day Rate Inspectors. Like each Day Rate Inspector, Foster has an interest in obtaining the unpaid overtime wages owed to him under federal law.

76. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

77. Absent this action, many Day Rate Inspectors likely will not obtain redress of their injuries and Navigator will reap the unjust benefits of violating the FLSA and applicable state labor laws.

78. Furthermore, even if some of the Day Rate Inspectors could afford individual litigation against Navigator, it would be unduly burdensome to the judicial system.

79. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

80. The questions of law and fact common to the Day Rate Inspectors predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether the Day Rate Inspectors' rights were violated as a result of Navigator's day rate pay plan;

   b. Whether Navigator's day rate pay plan was made in good faith;

   c. Whether Navigator's decision to not pay time and a half for overtime to the Day Rate Inspectors was made in good faith;

   d. Whether Navigator's violation of the FLSA was willful; and

   e. Whether Navigator's illegal pay practices were applied uniformly across the nation to all Day Rate Inspectors.

81. Foster's claims are typical of the claims of the Day Rate Inspectors. Foster and the Day Rate Inspectors sustained damages arising out of Navigator's illegal and uniform employment policy.

82. Foster knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

83. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

## JURY DEMAND

84. Foster demands a trial by jury

## PRAYER

85. WHEREFORE, Foster prays for judgment against Navigator as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Navigator liable for unpaid back wages due to Foster and the FLSA Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order awarding Foster and the Day Rate Inspectors their reasonable attorneys' fees and expenses as provided by the FLSA;

   d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Carl A. Fitz**
Texas Bar No. 24105863
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**